**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AVANTAY DORSEY, M32087,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-2121-DWD** |
| | ) | |
| **SARAH BURDICK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Avantay Dorsey, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). (Doc. 1). Plaintiff alleges that Defendant Burdick refused him access to adequate mental health services. Plaintiff's Amended Complaint (Doc. 8) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint & Amended Complaint**

In the original complaint, Plaintiff alleged that on July 6, 2024, he was placed on crisis watch.  (Doc. 1 at 5).  An Illinois Department of Corrections (IDOC) internal directive indicates that for suicide prevention and intervention, an inmate on crisis status should be evaluated every 24 hours.  Plaintiff alleges that while still on crisis watch on July 11, 2024, Defendant Burdick (a mental health professional) refused him the ability to speak with a mental health professional.  He claims he was not evaluated for the whole day, a violation of the IDOC policy.  In the demand for relief, Plaintiff explains that he was going through a lot and really needed to be evaluated on July 11, 2024.  He seeks monetary compensation and placement at a different prison for the remainder of his sentence.  (Doc. 1 at 6).  The Court dismissed the complaint as insufficient to state a claim. (Doc. 7).

In the Amended Complaint, Plaintiff now alleges that he was yelling and screaming on July 11, 2024, and he really wanted to kill himself.  (Doc. 8 at 1).  He alleges that the only person who could help him was Defendant Burdick, the assigned "MHP." (*Id.*).  He alleges that Burdick told him to "go ahead & kill [himself]."  He claims that without help he went on a nine day hunger strike and refused to take his HIV medication. (Doc. 8 at 1-2).  He claims that under prison rules each inmate on crisis watch should be assessed at least once every 24 hours.  Plaintiff claims he was not heard by Defendant Burdick on July 11, 2024.  (*Id.* at 2).

In support of the amended complaint, Plaintiff tendered medical records and a grievance.  The medical records demonstrate that nurses checked on him at least twice

on July 11, 2024.  (Doc. 8 at 7).  The second nurse documented that he said, "I'm good nurse."  (*Id.*).  The medical records further reflect ongoing care from July 11, 2024, through July 20, 2024.  (*Id.* at 7-20).  Some of the medical notes indicate Plaintiff accepted medications, and others indicate he refused his medication.  (*Id.*).  In a grievance dated July 19, 2024, Plaintiff reported that he was not in his "right state of mind" on July 11, 2024, and Burdick refused him the ability to speak with mental health.  (*Id.* at 21).

### Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010).  A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard).  *Id.*  To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference.  *Id.*  Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

A violation of a prison rule is not equivalent to a constitutional violation.  *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("§1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and [] practices.").

As the Court previously indicated, inmate mental health services are a priority but not every situation involving mental health at a prison gives rise to a constitutional claim. In *Lisle v. Welborn*, 933 F.3d 705, 716-19 (7th Cir. 2019), the Seventh Circuit held that encouraging a suicidal inmate to kill himself could amount to a violation of the Eighth Amendment if the harasser knew of the inmate's psychological vulnerability and the likelihood that their conduct may cause anguish. The *Lisle* Court considered the dismissal of an Eighth Amendment claim against a prison nurse who was alleged to have taunted and encouraged an inmate to commit suicide while monitoring him on suicide watch after three failed suicide attempts. The Court emphasized the inmate's psychological vulnerability, and the fact that the nurse was assigned to conduct regular monitoring of the inmate during suicide watch. The plaintiff alleged that the nurse repeatedly teased him about his prior failed suicide attempts and chided him for complaining about being cold and uncomfortable while also alleging he wanted to die.

Plaintiff's new allegation, that Burdick refused him care and told him to kill himself while he was on crisis watch is closely aligned with *Lisle*. However, the Court is not persuaded that Plaintiff has alleged a valid constitutional claim for several reasons.

Plaintiff alleges in his amended complaint that Burdick's conduct led him to a hunger strike and that during the hunger strike he did not take his medications. The records that he attached to his amended complaint show that this assertion is only partially true. Plaintiff did engage in a hunger strike, but the medical records reflect that he took his medication on at least six days of the hunger strike, and the only explicit notation of medication refusal was the day the hunger strike ended. (Doc. 8 at 7-20). The

records also show that Plaintiff was on crisis watch for only part of the time, and that he was regularly monitored by staff who noted his vital signs when he allowed them to be taken, encouraged him to consume food and fluids, and responded when his condition appeared to worsen.  (*Id.*).

The Court also finds it troubling that Plaintiff wrote a grievance about Burdick just days after interacting with her in July of 2024 and did not mention the alleged verbal retort she made about Plaintiff killing himself, but somehow now about a year and a half later he presents this assertion for the first time in his amended complaint.  In the order of initial review, the Court called upon Plaintiff to provide additional details about his encounter with Burdick such as what he said to her about his condition or what she could observe.  Plaintiff really provides nothing more than the basic assertion that he asked Burdick for help one time.  Oftentimes, a single fleeting interaction with a prison employee is not enough to give rise to a claim under the Eighth Amendment.  *See e.g.*, *Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference").  In this instance, Plaintiff's assertion that he had one encounter some time on July 11, 2024, with Burdick wherein he sought mental health assistance, and she declined, is not enough to sustain a plausible claim.  The medical records Plaintiff has supplied demonstrate he was seen at least two other times on that day and made no mention of distress or a desire to speak to a mental health employee.

Furthermore, the Court is not convinced that Plaintiff's situation is as similar to *Lisle* as it may seem at first glance. Though both Plaintiff and Lisle asserted that prison staff encouraged them to commit suicide, Lisle had already made three attempts and the nurse taunting him was assigned to regular checks at his crisis cell and allegedly encouraged him to commit suicide more than once. By contrast, Plaintiff interacted with a variety of staff and alleges he only saw Burdick once. He does not provide any information suggesting Burdick knew about his psychological vulnerability. Though Burdick had some implicit knowledge by the fact that Plaintiff was on crisis watch, it is not obvious he had a history of suicidal or self-harming behavior or that she knew about it. A single passing retort about suicide is much different than a repetitive course of verbal harassment tied to an inmate's known vulnerabilities. Against this backdrop, the Court finds the allegations against Burdick insufficient to proceed.

Having reviewed Plaintiff's allegations twice and given that almost nothing changed from his original to his amended complaint, the Court finds it unnecessary to invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## Disposition

Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: May 1, 2026

_____
DAVID W. DUGAN
United States District Judge